UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELMORE MURRAY, on behalf of herself and others similarly situated, | No. |
| Plaintiff, | |
| -against- | COMPLAINT |
| CITY OF NEW YORK, | |
| Defendant. | Plaintiff Demands a Trial by Jury |

Plaintiff ELMORE MURRAY ("Ms. Murray" or "Plaintiff"), on behalf of herself and others similarly situated, by and through her attorneys Levine & Blit, PLLC, complaining of defendant CITY OF NEW YORK (the "City" or "Defendant"), hereby alleges:

## NATURE OF THE ACTION

1. This collective action is brought to remedy unpaid overtime wages in willful violation of the Fair Labor Standards Act of 1938, as amended ("FLSA").

2. Plaintiff seeks declaratory and injunctive relief; an award of monetary damages for the economic losses caused by the Defendant's unlawful conduct, including the unpaid overtime wages; an award of liquidated damages under the FLSA; reasonable attorney's fees; costs of this action; and any such other and further relief this courts deems just and equitable.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to Plaintiff's claims occurred in the Southern District of New York.

## THE PARTIES

5. Ms. Murray is a citizen of the State of New York.

6. The City is a municipal corporation organized and existing pursuant to the laws of the State of New York.

7. At all times relevant to this action, Defendant is and was an "enterprise" and an "enterprise engaged in interstate commerce" as defined by the FLSA and its regulations.

8. At all times relevant to this action, Defendant is and was a "public agency" as defined by the FLSA and its regulations.

9. At all times relevant to this action, Defendant is and was an entity covered by the FLSA.

10. At all times relevant to this action, Plaintiff was an "employee" of Defendant within the applicable federal statutes and regulations.

11. At all times relevant to this action, Defendant were an "employer" of Plaintiffs within the meaning of applicable federal statutes and regulations.

## COLLECTIVE ACTION ALLEGATIONS

12. Defendant has employed twenty or more employees, including the Plaintiff, in the position of Case Discovery Analyst, who worked in excess of forty (40) hours per work week; yet were denied overtime wages during the applicable time period.

13. Defendant has employed numerous Case Discovery Analysts during the applicable period who have been subjected to the same terms and conditions of employment as Plaintiff.

14. Defendant engaged in the unlawful employment practice of failing or refusing to pay overtime wages to Case Discovery Analysts who worked overtime hours from about April 2020 through about April 15, 2021.

15. Defendant engaged in the unlawful employment practice of failing to maintain accurate contemporaneous time records for Case Discovery Analysts from about April 2020 through about April 15, 2021.

16. The unlawful employment practices at issue with respect to the similarly situated Case Discovery Analysts and the named plaintiff in this action are identical, as Defendant in all cases, have willfully denied such employees the overtime wages they are owed.

17. Past and current Case Discovery Analysts employed by Defendant who are similarly situated to the named plaintiff in this action should have an opportunity to have their claims for alleged violations of the FLSA be heard.

18. Certifying this collective action will afford such similarly situated employees the opportunity to receive notice of the action and allow them to opt-in to such action if they so desire.

## FACTUAL ALLEGATIONS

19. At all times relevant to this Complaint, Plaintiff was employed by Defendant as a Case Discovery Analyst at the Bronx District Attorney's Office.

20. The duties of a Case Discovery Analyst include: reviewing electronic documents, completing worksheets concerning arrest information; drafting affidavits from police officers and case summaries for review by the Case Discovery Analyst's supervisors; making revisions to affidavits as directed by the Case Discovery Analyst's supervisors; and uploading electronic documents to the E-arraignment system.

21. Case Discovery Analysts were provided with detailed guidance on how to complete the worksheets, affidavits, and other documents.

22. Case Discovery Analysts received detailed instruction on the techniques, procedures, and standards for completing the worksheets, affidavits, and other documents.

23. Filling in worksheets and drafting affidavits was repetitive, recurrent, or routine work.

24. The work of Case Discovery Analysts did not include the exercise of discretion and independent judgment with respect to matters of significance.

25. At all times relevant to this action, Plaintiff and other similarly situated Case Discovery Analysts were compensated on an hourly basis.

26. At all times relevant to this action, Plaintiff and other similarly situated Case Discovery Analysts were compensated as non-exempt employees, as defined by the FLSA and its regulations, by Defendant.

27. Prior to the COVID-19 pandemic, Plaintiff and other similarly situated Case Discovery Analysts worked a predetermined Monday through Friday shift from either: (a) 6 a.m. to 2 p.m.; (b) 7 a.m. to 3 p.m.; (c) 8 a.m. to 4 p.m.; (d) 9 a.m. to 5 p.m.; (e) 10 a.m. to 6 p.m.; (f) 11 a.m. to 7 p.m.; (g) 1 p.m. to 9 p.m.; or (h) 2 p.m. to 10 p.m.

28. Plaintiff's shift prior to the COVID-19 pandemic was from 8 a.m. to 4 p.m., Monday through Friday.

29. Due to the COVID-19 pandemic, beginning in about April 2020, Plaintiff and other similarly situated Case Discovery Analysts were required to work remotely from home.

30. When working from home, instead of working a predetermined shift, Plaintiff and other similarly situated Case Discovery Analysts were assigned between 10 and 15 cases per week from different police officers and were required to work at times convenient for the police officers.

31. As a result of this practice, Plaintiff and other similarly situated Case Discovery Analysts were required to work hours in excess of forty at times between about April 2020 through about April 15, 2021.

32. As an example, for the work week of April 26, 2020 through May 2, 2020, Plaintiff work the following days and times: (a) on Monday, April 27, 2020, Plaintiff worked from 8:00 A.M. until 5:30 P.M.; (b) on Tuesday, April 28, 2020, Plaintiff worked from 8:00 A.M. until 11:14 P.M.; (c) on Wednesday, April 29, 2020, Plaintiff worked from 8:00 A.M. to 4:30 P.M., then 6:00 P.M. to 8:30 P.M., and then 9:00 P.M. to 2:32 A.M. the next day; (d) on Thursday, April 30, 2020, Plaintiff worked from 10:23 A.M. to 4:30 P.M., and then 11:00 P.M. until 2:30 A.M. the next day; (e) on Friday, May 1, 2020, Plaintiff worked from 6:30 A.M. until 8:00 A.M., and then from 5:00 P.M. until 3:00 A.M. the next day; and (f) on Saturday, May 2, 2020, Plaintiff worked from 12:48 P.M. to 5:30 P.M., and then 9:00 P.M. until 2:30 A.M. the next day.

33. For the work week of April 26, 2020 through May 2, 2020, Plaintiff worked a total of 72.94 hours, but was not compensated with any overtime wages.

34. The managers and/or supervisors of Plaintiff and other similarly situated Case Discovery Analysts were aware or should have been aware that Case Discovery Analysts, including Plaintiff, were working in excess of forty (40) hours in a work week because documents created, reviewed, edited, and uploaded by Case Discovery Analysts are date and time stamped.

35. When Plaintiff and other Case Discovery Analysts complained to their supervisors about working overtime hours, they were told that there would be no overtime paid.

36. The managers and/or supervisors of Plaintiff and other similarly situated Case Discovery Analysts were aware that Case Discovery Analysts were working in excess of forty (40) hours in a work week, but were not compensated for such time.

37. Prior to the COVID-19 pandemic, Plaintiff and other similarly situated Case Discovery Analysts personally recorded their time worked, including breaks taken.

38. From about March 23, 2020 until the present, Plaintiff and other similarly situated Case Discovery Analysts do not personally enter or record their time worked.

39. Instead, Defendant would enter standardized time entries into the time records, which did not accurately reflect the actual time worked by Plaintiff and other similarly situated Case Discovery Analysts.

40. Although Plaintiff and other similarly situated Case Discovery Analysts worked in excess of forty (40) hours in a work week known to Defendant, they were not compensated with overtime wages.

41. Plaintiff and other similarly situation Case Discovery Analysts have suffered lost overtime wages as a direct result of Defendant's unlawful time-keeping and pay practices.

### FIRST CAUSE OF ACTION AGAINST DEFENDANT AS TO THE COLLECTIVE ACTION
### (Unpaid Overtime Wages in Violation of the FLSA)

42. Plaintiffs hereby repeat and reallege each allegation contained in paragraphs numbered 1 through 41, as if fully set forth therein.

43. Defendant was the employer of Plaintiff and all other similarly situated Case Discovery Analysts with the meaning of the FLSA.

44. Plaintiff and all other similarly situated Case Discovery Analysts are and were non-exempt employees of Defendant under the FLSA.

45. Plaintiff and other similarly situated Case Discovery Analysts worked in excess of forty (40) hours in a work week for Defendant, as described above, but were denied overtime wages.

46. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and other similarly situated Case Discovery Analysts. As such, Defendant's noncompliance with the FLSA was willful.

47. As a proximate result of Defendant's unlawful conduct, Plaintiffs and other similarly situated Case Discovery Analysts have suffered economic damages in the form of unpaid overtime wages in an amount to be determined at trial and are entitled to recover the value of those unpaid overtime premium wages plus an equivalent amount of liquidated pursuant to the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter a judgment containing the following relief:

a) An order declaring Defendant has violated the provisions of the FLSA relating to payment of overtime wages;

b) An order enjoining Defendant from engaging in the unlawful activities alleged above;

c) An order awarding monetary damages for Plaintiff's and the Collective's economic losses in the form of unpaid overtime wages.

d) An order awarding liquidated damages to Plaintiff and the Collective pursuant to the FLSA;

e) An award of Plaintiff's and the Collective's reasonable attorney's fees;

f) An award of the Plaintiff's and the Collective's costs of this action; and

g) Any such other and further relief this court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: July 7, 2021
New York, New York

LEVINE & BLIT, PLLC

Matthew J. Blit, Esq.
Justin S. Clark, Esq.
*Attorneys for Plaintiffs*
350 Fifth Avenue, Suite 4020
New York, NY 10118
Tel. (212) 967-3000