# LEVINE & BLIT, PLLC
## Attorneys at Law
EMPIRE STATE BUILDING
350 FIFTH AVENUE - SUITE 4020
NEW YORK, NY 10118
PHONE: (212) 967-3000 - FAX: (212) 967-3010
www.levineblit.com

February 18, 2022

*VIA ECF*
United States District Court
Honorable Andrew L. Carter, Jr.
40 Foley Square
New York, NY 10007

**Re:    *Murray v. City of New York* – Case No. 1:21-cv-05835**
Request for FLSA Settlement Approval

Dear Judge Carter,

Plaintiff, Elmore Murray ("Plaintiff"), and defendant City of New York ("Defendant"), by and through their respective attorneys of record, hereby respectfully submit this Joint Letter Motion for Approval of the Settlement Agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and its progeny. Counsel for the parties respectfully submit that the Agreement constitutes a fair and reasonable compromise of the Fair Labor Standards Act ("FLSA") claims in this matter which should be approved by the Court. Pursuant to the Court's Order dated January 20, 2022, the parties hereby jointly submit this Joint Letter Motion for FLSA Settlement Approval.

### Background

This action was commenced on July 7, 2021 alleging causes of action pursuant to the FLSA for unpaid overtime wages. Plaintiff alleged that she was employed by Defendant as a Case Discovery Analyst at the Bronx District Attorney's Office. Plaintiff further alleged that her primary duty, drafting and filling out of paperwork concerning arrests, was non-exempt work. Plaintiff further alleged that beginning in April 2020, due to the COVID-19 pandemic, Plaintiff was required to work from home and work a schedule that fluctuated based upon the availability of police officers assigned to Plaintiff. Plaintiff further alleged that due to the fluctuating work schedule, which was known to Defendant, Plaintiff was required to work in excess of forty hours per week for numerous weeks between April 2020 and February 2021. Plaintiff further alleged that, although Defendant was aware Plaintiff was working in excess of forty hours per week, Defendants refused or failed to compensate Plaintiff with overtime wages.

1

## Bona Fide Disputes

1. <u>Number of Hours Worked</u>

Plaintiff alleges that she worked 110.75 overtime hours for Defendants during the relevant time period that went uncompensated. Defendant contends that Plaintiff has overstated the number of hours he worked but that Plaintiff worked 40 or less hours per week. Although Defendant maintained time records for Plaintiff, the accuracy of these records is in question because no time clock was used, Plaintiff's time was recorded by an employee of Defendant instead of Plaintiff, and Plaintiff maintained her own records of hours worked with supporting documentation.

2. <u>Affirmative Defense to Overtime</u>

Plaintiff contends that she was a non-exempt employee performing repetitive office tasks that require little or no independence or discretion. Defendants argue that Plaintiff was an exempt employee pursuant to the Administrative Employee exemption.

3. <u>Willfulness</u>

Plaintiff contends that Defendant was aware that Plaintiff was working in excess of forty hours for numerous weeks during the relevant period as a non-exempt employee, but failed or refused to pay overtime wages. Defendant denies that any alleged violations were willful.

4. <u>Maximum Possible Recovery under the FLSA</u>

<u>Plaintiff's Position</u>

Plaintiff maintained spreadsheets recording the hours worked during the period in question. Based upon those records, Plaintiff's maximum recovery of overtime wages would be $3,513.96.

<u>Defendant's Position</u>

Defendant had a financial accountant review Plaintiff's spreadsheet reflecting the hours she worked and her narrative of overtime worked. This expert also compared Plaintiff's records to Defendant's, including emails and records on the server. Based upon the review and comparison of these records, Plaintiff's maximum recovery of overtime wages would be $3,513.96.

### Settlement Terms

Annexed hereto as "Exhibit A" is a true and accurate copy of the Settlement Agreement between the parties. In exchange for a release of only Plaintiff's wage and hour claims, Defendant shall pay to Plaintiff the gross sum of $8,000.00. Notably, the Agreement is not subject to any confidentiality provisions or other additional restrictions on Plaintiff.

### Reasonableness of the Settlement Amount

Here, through counsel, the parties engaged in good faith, arm's-length settlement negotiations. The terms and conditions of the settlement reflected in the Settlement Agreement are the product of the Parties' negotiations and represent a reasonable compromise of the bona fide disputed issues regarding the claims and defenses in this case. Given the relative limited nature of Plaintiff's damages, continuing with litigation would have resulted in the waste of resources of the parties and the Court. Further, this matter was resolved through Court-ordered mediation with an independent neutral.

### Reasonableness of the Attorney's Fees

"To aid a court in determining the reasonableness of proposed attorney's fees, counsel must submit evidence providing a factual basis for the award." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012). "A court determining the portion of a FLSA settlement reasonably allocated to attorneys' fees may use either a 'lodestar' method or a 'percentage of the fund.'" *Lopez v. Ploy Dee, Inc.*, No. 15-CV-647 (AJN), 2016 U.S. Dist. LEXIS 53339, 2016 WL 1626631, at *4 (S.D.N.Y. Apr. 21, 2016). When using a 'percentage of the fund' approach, "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 U.S. Dist. LEXIS 166890, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015). In determining a reasonable award of attorneys' fees, a court should also consider traditional criteria such as "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000).

Although the matter was resolved at an early stage, the instant civil action required substantial work from Plaintiff's counsel because Plaintiff maintained records relating to her hours worked and policies of the employer, which were analyzed, summarized, and produced to Defendant prior to mediation. Further, significant risk was undertaken by Plaintiff's counsel by agreeing to accept Plaintiff's case on a contingency fee basis. Plaintiff was provided with quality representation by knowledgeable and experienced counsel who focuses his practice on wage and hour litigation. Moreover, the fee requested reasonably relates to the recovery and is reasonable when applying the percentage of the fund method for determining attorney's fees. Lastly, public policy favors early resolution of claims in order to avoid unnecessary waste of the resources of the Court and the parties. Thus, Plaintiff respectfully requests that the Court applies the percentage of the fund methodology and award $2,983.31 to Plaintiff's counsel in attorney's fees and costs.

The attorney's fees and costs sought by Plaintiff's counsel pursuant to the Settlement Agreement are equal to $2,983.31. Annexed hereto as "Exhibit B" is a true and accurate copy of contemporaneous time records for work expended by Plaintiff's counsel and costs incurred in this action.

Here, Plaintiff's counsel incurred $475.00 in costs in the pursuit of Plaintiff's claims, including filing fees and service fees. Further, Plaintiff's counsel expended over 20 hours of billable work in pursuit of Plaintiff's claims. Applying a contingency fee of 33 1/3% (thirty-three and one-third percent) to the remaining proceeds, Levine & Blit PLLC's attorney's fees share would be $2,508.31. As such, Plaintiff's counsel's request for $2,983.31 in attorney's fees and costs is reasonable. Throughout this action, Plaintiff has been the undersigned, Justin S. Clark, Esq. The undersigned, Mr. Clark, is an attorney with the law firm Levine & Blit, PLLC with nine years of experience who focuses his practice primarily on wage and hour litigation, including class action litigation of the same.

Thank you for the Court's time and attention to this matter.

Respectfully submitted,

LEVINE & BLIT, PLLC

Justin S. Clark

4